

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5058 | **DATE** | 7/1/2003 |
| **CASE TITLE** | AptarGroup, Inc. Vs. Owens-Illinois, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants move to bifurcate the issues of liability and willfulness for purposes of discovery and trial. That motion is granted. Status hearing set for July 10, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | JUL 0 3 2003 date docketed | | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | CLERK | | | |
| | courtroom | 03 JUL -2 PH 4:22 | date mailed notice | | |
| WAH | deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| APTARGROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02 C 5058 |
| | ) | |
| OWENS-ILLINOIS, INC. and ARMIN TOOL | ) | |
| AND MANUFACTURING CO., | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
JUL 0 3 2003

## MEMORANDUM OPINION AND ORDER

Defendants move to bifurcate the issues of liability and willfulness for purposes of discovery and trial. That motion is granted.

The parties agree on one thing: bifurcation is within the sound discretion of the court. Each marshalls a number of cases in support of its opposing position, with defendants seeking bifurcation and plaintiff opposing it. A review of those cases discloses such varied circumstances that an extended analysis of each case serves little purpose. A few observations will suffice. The Federal Circuit encourages bifurcation when a party is faced with what has come to be known as the "Quantum dilemma": a choice between the lawful assertion of the attorney-client privilege and avoidance of a willfulness finding if infringement is found. Quantum Corp. v. Tandon Corp., 940 F.2d 642 (Fed. Cir. 1991). The support from some of the professional literature is even stronger. The district courts are reluctant to bifurcate, however, if there is not a good reason to bifurcate damages as well, or it is uncertain that the party faces the "Quantum dilemma," or legal advice becomes relevant for other reasons, or prior rulings establish that the patent holder has a strong liability case (although this last

reason appears to be somewhat of a make-weight). They divide as to whether or not intent can ever be relevant to a non-infringement defense.

Here the "Quantum dilemma" is raised by the submission of attorney opinion letters *in camera*. The issue of damages has already been bifurcated, there appears to be no reason why legal advice would be relevant to any issue other than willfulness, and plaintiff's liability case has taken a real hit from this court's <u>Markman</u> construction. Finally, we think there is a basis for believing that an "intent" issue mixed up with an infringement issue will have a tendency to confuse and possibly prejudice the jury, without any real relevant evidence benefit.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 1, 2003.