

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5058 | **DATE** | 7/23/2003 |
| **CASE TITLE** | AptarGroup, Inc. Vs. Owens-Illinois, Inc. et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due _____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]  Enter Memorandum Opinion and Order. For the above reasons, plaintiff's motion to compel is continued until the parties have had a chance to respond. Defendants' sur-reply to the motion to compel to be filed by August 8, 2003, and plaintiff's response by August 22, 2003.

(11)  ■  [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | **JUL 25 2003** | | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | U.S. DISTRICT COURT | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

Minute Order Form (06/97)

JUL 2 8 2003

APTARGROUP, INC.,                          )
                                           )
                    Plaintiff,             )
                                           )
            vs.                            )        No. 02 C 5058
                                           )
OWENS-ILLINOIS, INC. and ARMIN TOOL        )
AND MANUFACTURING CO.,                     )
                                           )
                    Defendants.            )

## MEMORANDUM OPINION AND ORDER

Plaintiff brought this action alleging infringement of three claims of U.S. Patent No. 5,329,143 ('143 patent) which relate to a dispensing valve that seals the opening of a container. The parties are in discovery and plaintiff now moves to compel disclosure of defendants' measurements of their valve head. For the following reasons, plaintiff's motion is continued for further briefing.

As explained in our claim construction order, liability requires a finding that "the outer portions of the valve head…become continuously thinner from the outer edge of the valve head at least to the central area of the valve head." *See* Aptargroup, Inc. v. Owens-Illinois, Inc., 2003 WL 1220242 (N.D.Ill. 3/14/2003). In an April 8, 2003 status report, defendants argue that the outer portions of their valve head were not designed or manufactured to become continuously thinner, but rather to become sightly thinner and then thicken as they approach the central area of the valve head. Defendants make this argument based on measurements of the steel mold used to manufacture the valve. Apparently defendants have also measured the valve head itself but refuse to disclose that data, asserting that it is not discoverable under

Federal Rule of Civil Procedure 26.

We are assuming, based on defendants' arguments, that their counsel hired an outside consultant to measure the valve head at issue in order to prepare their defense.[1] The parties agree that if the testimony of this outside consultant is to be offered in a summary judgment motion or at trial, then his relevant work should be disclosed. But what of the work of a non-testifying outside consultant? In fighting disclosure, defendants claim that the desired measurements are privileged as work product under Rule 26(b)(3), or alternatively, as the opinion of an non-testifying expert under Rule 26(b)(4)(B). Indeed, both rules have been applied to the work of outside consultants. *See e.g.* Vardon Golf Company, Inc. v. BBMG Golf Ltd., 156 F.R.D.641, 648 (N.D.Ill. 1994) (results from tests performed at the direction of attorneys protected under Rule 26(b)(3)); Edward Lowe Industries, Inc. v. Oil-Dri Corporation of America, 1995 WL 399712, *2-3 (N.D.Ill. 1995) (tests done on allegedly infringing products protected as reports of non-testifying expert under Rule 26(b)(4)(B)); Queen's University at Kingston v. Kinedyne Corp., 161 F.R.D.443, 37 U.S.P.Q.2d 1398 (D.Kansas 1995) (expert report regarding opposing party's patent protected under Rule 26(b)(4)(B)); Samuels v. Mitchell, 155 F.R.D. 195, 200 (N.D.Cal. 1994) (documents prepared by non-testifying accounting expert constituted privileged work product under Rule 26(b)(3)).

The work-product doctrine, codified in Rule 26(b)(3), protects documents that were prepared for or obtained because of litigation. Binks Manufacturing v. National Presto Industries, 709 F.2d 1109, 1118 (7th Cir. 1983). A party can obtain discovery of documents

---

[1] If these assumptions are incorrect, and the measurements were performed in-house by defendants or their agents, then defendants need to provide the circumstances and timing of those tests for us to determine if any privilege applies.

and other tangible things "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative, only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means" (Rule 26(b)(3)).   Rule 26(b)(4), on the other hand, is used to aid in discovery of evidence relating to expert witnesses.  Rule 26(b)(4)(B) specifically provides that if a non-testifying expert has been retained in trial preparation, then facts known or opinions held by that expert are discoverable only "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means" (Rule 26(b)(4)(B)).

But there is a third section of Rule 26 that is also relevant to this motion.  Rule 26(b)(5) states:

> **Claims of Privilege or Protection of Trial Preparation Materials.  When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability or the privilege or protection.**

At this point we do not know enough about the material at issue to determine if Rule 26(b)(3) or Rule 26(b)(4)(B) is applicable.  Is the desired document a report? notes? a comparison of the patented product, and the accused product?  Is the consultant an expert who prepared a comparison report or a contractor following specific measurement directions provided by attorneys?  It may be that once we know the type of document and the manner in which it was procured we will find that it is protected from discovery.  But without more information we

are limited to applying these rules hypothetically. Defendants will have to offer more details before they can avail themselves of the protection of the cited rules.

Defendants contest supplying further explanation, arguing that to do so would be to reveal non-discoverable litigation strategy and protected opinion. We recognize that to disclose every detail relating to the item withheld, especially any specific directions given by defense counsel to the consultant, could infringe on protected attorney opinion and work product. *See* Vardon Golf Co., *supra*. But we must have some information. As provided by the comments to Rule 26(b)(5), it is appropriate to provide details such as the subject matter, time, and persons involved with the production of a item for which a privilege or protection is claimed. Even if the identity of the expert is not disclosed, the relationship between the expert and the party is needed to determine the expert's status. *See* Queen's University, *supra.*[2]

For the sake of clarity, we distinguish between the potentially privileged documents containing the valve head measurements and the measurements themselves. Facts acquired by an expert may be discoverable even if they are contained in a non-discoverable document. Bowne of N.Y. City, Inc. v. AmBase Corp., 150 F.R.D. 465, 471 (S.D.N.Y. 1993); Laxalt v. McClatchy, 116 F.R.D. 438, 443 (D.Nev. 1987). On the other hand, it is possible for the results of a test to reveal expert opinion as well as litigation strategy. *See e.g.,* Vardon Golf, 156 F.R.D. at 647 (viewing results of tests performed on golf club heads would reveal litigation choice of which golf heads to test and potentially reveal plaintiff's assessment of its own

[2]Plaintiff asserts that defendants should not have further opportunity to make claims of privilege, arguing first that they have shifted their legal position and must accordingly provide evidence for their new tack and second, that they have waived any privilege by relying on the requested measurements on their status report. Defendants' positions can be read as consistent, however, and their status report is arguably based on the disclosed measurements of their steel mold rather than the valve head itself.

liability).

The question here, then, is whether the sought after measurements would in some way reveal either expert opinion or litigation strategy. It is difficult for us to imagine that simple measurements of the portion of the valve head at issue would be considered expert opinion, especially since the measurements could have been performed by a non-expert. Additionally, defendants have already disclosed that they made the litigation choice to measure the valve head, making it equally unlikely that a disclosure of the measurements themselves would reveal any additional litigation strategy. We provide defendants with an opportunity to explain the circumstances surrounding the measurements, however, and make a case for why the measurements should be protected from discovery.

For the above reasons, plaintiff's motion to compel is continued until the parties have had a chance to respond. Defendants' surreply to the motion to compel to be filed by August 8, 2003, and plaintiff's response by August 22, 2003.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 23 , 2003.